**KELLEMS v. CALIFORNIA CONGRESS OF INDUSTRIAL ORGANIZATION COUNCIL, et al. (two cases).**

Nos. 23775, 23948.

District Court, N. D. California, S. D.

Oct. 9, 1946.

Herbert W. Clark, and Morrison, Hohfeld, Foerster, Shuman & Clark, all of San Francisco, Calif., for plaintiff.

Gladstein, Anderson, Resner Sawyer & Edises, of San Francisco, Calif., for defendants.

GOODMAN, District Judge.

In action No. 23775, plaintiff seeks $250,000 general damages and $250,000 exemplary damages on the ground that an article published by defendants on April 14, 1944, in the newspaper "Labor Herald" libeled and defamed her in that it was therein falsely stated that she was engaged in "treasonable operations."

In action No. 23948, consolidated for trial with No. 23775, plaintiff in count one thereof seeks $250,000 general damages and $250,000 exemplary damages respecting a news article published in the same newspaper on October 13, 1944, and in count 2 like sums respecting an editorial published in the same newspaper the same day in both of which it is alleged were included false and defamatory statements to the effect that plaintiff was engaged in "treasonable operations."

To both complaints defendants replied by answer and amended answer, the filing of which is hereby allowed, wherein the material allegations thereof were specifically denied and wherein it was specially pleaded that the statements complained of were true,[1] that the defendants were qualifiedly privileged to make such statements and that such statements constituted fair comment and were not malicious.

The causes are of Federal cognizance, because of diversity of citizenship, 28 U.S.C.A. § 41.

Both causes have been submitted to the

---

[1] Plaintiff contended that defendants' special plea of truth was insufficient in that the particulars thereof were not alleged. However, where, as here, the publication itself set forth the facts upon which the charge was based, the allegation by way of special defense that the charge was true, is sufficient. Callfas v. World Pub. Co., 93 Neb. 108, 139 N.W. 830.

278

court, a jury having been waived, after trial, for decision on the merits.

The "operations" characterized as "treasonable" in both issues of the "Labor Herald" were specifically stated to be: (a) Plaintiff's "correspondence with a leading Nazi operative (one Count Zedlitz) in Argentina" and (b) a speech of plaintiff in Kansas City in June 1944 wherein she stated "she was not paying her December installment of Federal income tax and invited business men generally to follow her example."

On the witness stand plaintiff admitted the making of the speech and others to the same effect. Likewise she admitted corresponding with Count Zedlitz, a German national, who represented in Argentina a large German metal concern, during the war, knowing him to have been placed on the United States "proclaimed list" (Pres. Proclamation No. 2497, July 17, 1941), and further that she corresponded with said Zedlitz at least once in violation of the Trading with the Enemy Act, § 3, 50 U.S.C.A.Appendix, § 3.

It is admitted that prior to the publication of both articles, the same activities of plaintiff had been widely publicized and similarly characterized, in the public press, over the radio and in sessions of the Congress. It is further admitted that the same activities of plaintiff were publicly described by the then Secretary of the Treasury in vain similar to the "Labor Herald" publications.

It is contended by plaintiff that the word "treasonable" is per se defamatory and its use has not been justified by defendants inasmuch as they have not proved by a preponderance of the evidence that plaintiff committed the crime of treason as statutorily defined. 18 U.S.C.A. § 1.

■ Neither the authorities nor the vista provided by all of the evidence convince me at all that defendants must sustain such a burden in defense. Nor do I believe that the cause can justly be decided within such a narrow compass.

I do not pass upon the defense of qualified privilege inasmuch as I reach decision squarely on the broad ground of truth and fair comment.

■ The evidence discloses plaintiff to be a highly placed woman industrialist enjoying during the war profitable government contracts of a highly confidential nature. She took to the public platform to proclaim her grievances against the government and officers of the government. Moreover she undertook in so doing to mold and shape public opinion, all undeniably proper and lawful activities. But when, in time of grave national peril, she directly urged and invited citizens to refrain from paying taxes payable pursuant to duly enacted statutes and necessary in the prosecution of the war, in my opinion, it was within the area of fair comment to characterize her activities as "treasonable." Those, who in public utterances seek to formulate and direct public opinion, have an accompanying responsibility. Particularly is this so at a time when millions of our young men and women were offering life and limb in national defense.

That the published designation of plaintiff's activities is within the field of fair comment is given further substantiation, when it appears that during the period of national peril, plaintiff maintained correspondence with a German enemy, contrary to law and recognized concepts of loyalty in time of war. Plaintiff claims the evidence fails to show that Zedlitz was a Nazi. Whether he was Nazi or just plain German, appears to me to be, under the circumstances, of no moment.

The characterization "treasonable" is adjective. It refers to specific activities or "operations" of plaintiff. Those to whom the articles were published could have been in no doubt or uncertainty as to the particular operations so designated. Viewed in context, it is clear that the term "treasonable" was not used in the sense of statutory treason, but rather in the sense of savoring of, or partaking of, or akin to treason and in the nature of disloyalty, a non-statutory designation, carrying with it an equivalent odium in the public mind.[2]

2 Lorentz v. R. K. O. Pictures, 9 Cir., 155 F.2d 84, at page 87, and cases there cited.

The court observed the plaintiff's demeanor and attitude upon the witness stand. I found her to be evasive, argumentative, arrogant and indeed brazen in her reiteration of her claimed right to do and say as she pleased, without regard to the possible dire consequence to her country and her fellow citizens. True, these considerations are not legally controlling in the resolution of the issue here presented. But at least they go to the weight of the evidence and serve to throw light upon the spirit and intent backgrounding the utterances and activities referred to in the alleged defamatory publications.

Under all the circumstances revealed in the record, I hold the comment made in the publication to be fair. Furthermore, even if I found myself bound to hold the defense, upon the narrow ground urged by plaintiff, to have failed to prove the plaintiff guilty of statutory treason, the evidence would not permit of any recovery in damages, either general or exemplary.

Judgment will go for defendants in both cases and each cause is dismissed. Findings may be presented pursuant to the Rules.