### Earl V. PILKENTON, Plaintiff,

v.

### KINGSPORT PUBLISHING CORPORATION, Defendant.

### Civ. A. No. 67-C-24-A.

United States District Court
W. D. Virginia,
Abingdon Division.
June 17, 1967.

Carl E. McAfee, Cline & McAfee, and Don R. Pippin, Norton, Va., for plaintiff.

G. R. C. Stuart, Penn, Stuart & Miller, Abingdon, Va., for defendant.

### OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a complaint filed by a citizen of

Virginia against an Ohio corporation which operates a newspaper business in Kentucky. Thus there is diversity of citizenship and the requisite $10,000 jurisdictional amount will be deemed to be present under the "plaintiff's viewpoint" rule since the plaintiff sues for $1,000,-000 and it is not clear as a matter of law that he is not entitled to at least $10,000 if he is entitled to any money judgment.

The plaintiff alleges that the defendant printed an account in its newspaper which was libelous *per se* and that because of this defamation he is entitled to recover from the defendant $500,000 in compensatory damages and $500,000 in punitive damages.

To support his allegation plaintiff states that on March 16, 1967, the defendant printed in both of its newspapers, the "Kingsport News" and the "Kingsport Times", the following article:

Several Truck Loads of Stolen Goods Found. COEBURN—An 11 a. m. raid led by Scott County Sheriff Vernon Clark recovered 'several truck loads' of stolen merchandise from a barn near Coeburn Wednesday.

Earl Pilkton, [sic] about 40, of Coeburn, was arrested and charged by the Wise County Sheriff's Department with receiving and possessing stolen property. He was released on bond.

'We still don't know how many truckloads of stuff is there,' Clark said. 'Dump trucks from Kingsport are hauling it to Wise to be stored until we can find out where it belongs.' After an informant whose name was withheld because 'somebody might get killed over it' revealed the barn as the destination of the stolen goods, a search warrant was obtained.

'We broke down the door at 11 a. m.,' Clark said. 'Stuff was just piled all over the place. We're still trying to figure out what all is there.'

The barn, 2½ miles west of Coeburn on Route 58, was deserted when the officers arrived. A copy of the warrant was left 'hanging on a wall,' he said.

Among the items found were a broken-open safe which has not yet been identified and 'about $200' worth of merchandise believed to have been taken from Murray's Construction Company on Bloomingdale Road in a $3,500 break-in last January.

Area officers assisting Clark in the raid were J. C. Fletcher of the Sullivan County Sheriff's Department; Brady Lane of the Kingsport Police Department; Sullivan County Constable Howard Hensley; Wise County Sheriff Shelcy Mullins and Deputies Jonah Ambergey, Aaron Hall, and Barron Lane; Russell County Sheriff Guy Whited and Deputy J. D. Austin and Virginia State Police Inspector Jones and Trooper Kegley.

'Sheriff Clark called us all in on it to check for things stolen from our areas,' Sheriff Whited said.

Anyone who has had property taken from him can call the Wise County Sheriff's Department in Wise, Va., to check if the missing items have been located, Sheriff Clark said.

Additionally, plaintiff alleges that on March 17, 1967, defendant published in the "Kingsport News" the following article:

NO, IT'S NOT A SECOND-HAND STORE—It's a barn near Coeburn, shown as area law officers inspect the 'several truck loads' of stolen merchandise found there Wednesday. Anyone recognizing anything that has been taken from him should contact the Wise County Sheriff's Department, they said.

These words were printed under a picture of a barn owned or rented by the plaintiff in the Wise County area and did display the entire contents of said barn.

These actions, alleges plaintiff, were malicious and unprivileged acts of def-

amation and were made with the intent and design to injure and defame plaintiff. He says further that "the defendant's statements were false and were known to be false when made and published."

We fail to see how the alleged facts support the allegation of false and actionable defamation. From the record, it appears that the defendant merely carried an accurate account of a matter of public interest and concern. A barn was searched upon a tip by an informant. After this, the plaintiff was arrested and charged by the police with receiving and possessing stolen goods. Defendant reported what had actually taken place. It did not print any assertion that plaintiff was guilty, but merely that he had been "charged" in connection with the crime. This entitles the defendant to assert the defense of truth to the alleged defamation and truth is an absolute defense to a common law action for defamation. We wish to make it clear that the question of "truth" in this case turns on the truth of what was actually printed, not on the ultimate guilt or innocence of the man reported to have been arrested and charged with a crime. Kellems v. California CIO Council, 68 F.Supp. 277 (N.D.Cal.1946).

A ruling in plaintiff's favor would result in an unconstitutional encroachment on the freedom of the press because it would prevent newspapers from reporting an arrest and subsequent charge of a person in connection with a criminal investigation. Such encroachment we cannot permit.

The defendant has moved for summary judgment. Rule 56 of the Federal Rules of Civil Procedure states, in part,

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In support of its motion for summary judgment the defendant has filed numerous depositions from the arresting officers, stating that the newspaper account is substantially accurate and correct. The plaintiff has not filed any depositions or other evidence, and relies only on his statement in the complaint, that the newspaper account is false and libelous. In such a situation the precise question is whether this court may enter a summary judgment, i. e., does there remain any substantial question of fact which should be submitted to a jury. Rose v. Indianapolis Newspapers, Inc., 213 F.2d 227 (7th Cir. 1954). From the record, it appears that the defendant's newspaper account did not exceed a substantially true statement of the facts. "The essential truth of a news report is always a defense to an action for libel. (citations) Obviously if the report, admitted to be true by plaintiff's failure to controvert the factual averments made by defendants, was true, it matters not what it reported. It follows that the trial court was not justified in doing other than allow the motion for summary judgment." Rose v. Indianapolis Newspapers, Inc., supra at p. 229.

Therefore, in view of the depositions offered by defendant, and the lack of refuting evidence from the plaintiff, this court feels that there is no substantial question of fact, and the defendant is entitled to a favorable ruling as a matter of law.

It is adjudged and ordered that the motion of defendant for summary judgment in its favor be and the same is hereby granted.